**FILED**
**March 23, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES FLINT,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0049** (BOR Appeal No. 2055601)
(Claim No. 2019018150)

**PENNINGTON PLUMBING & HEATING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Flint, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Pennington Plumbing & Heating, Inc., by counsel Lisa Warner Hunter, filed a timely response.

The issue on appeal is compensability of the claim. The claims administrator rejected the claim on April 15, 2019. On July 14, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's rejection of Mr. Flint's claim. This appeal arises from the Board of Review's Order dated November 19, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of
> appeals shall consider the record provided by the board and give deference to the
> board's findings, reasoning and conclusions.

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Flint completed an Employees' and Physicians' Report of Occupational Injury or Disease form on March 12, 2019, alleging an injury occurred on February 26, 2019. At the time of the alleged injury, he was employed as an HVAC technician, and he reported that he injured his left wrist due to normal work duties while using hand tools. On February 28, 2019, Syed Zahir, M.D., completed Section II of the form, and the occupational injury was listed as a left wrist injury. Dr. Zahir noted that Mr. Flint was being seen for "pain at the thumb – anterior knot – old injuries & two prior surgeries." Dr. Zahir's physical examination revealed fairly good movement of the left wrist, with marked tenderness over the anatomic snuff box and volar aspect of the wrist. Dr. Zahir observed lobulated swelling along the radial aspect of the left volar surface. The clinical impression was that Mr. Flint had posttraumatic ganglion, left wrist and a history of median nerve injury, along with possible arthritis of the left wrist. Dr. Zahir noted that Mr. Flint initially injured his left wrist at work in 2005, and he underwent surgery in 2011 to repair a retained suture that was bothering him.[1]

Mr. Flint was seen again by Dr. Zahir on March 12, 2019, with complaints of persistent pain and discomfort in his left wrist and lobulated swelling over the volar aspect of the left wrist along flexor carpi radialis. X-rays that were taken on February 28, 2019, were compared to his previous x-rays of June 3, 2011. Dr. Zahir noted that the x-rays showed scaphotrapezium arthritis, and he opined that Mr. Flint would require an excision of the ganglion and re-exploration of the left wrist. The plan was to fit Mr. Flint with a wrist brace and for him to continue physical therapy. The clinical impression was posttraumatic ganglion, left wrist, with a history of radial nerve injury and arthritis of the left wrist.

---

[1] Pennington Plumbing & Heating, Inc., introduced records regarding Mr. Flint's October 12, 2005, left wrist injury when he sustained a laceration of the flexar surface of the wrist. On November 2, 2005, BrickStreet accepted the claim for a nerve injury to an unspecified site, open wound of the wrist, and other unspecified injury of the elbow/forearm. An operative report dated November 9, 2005, discusses surgery for the severed radial nerve, and lacerations of the left wrist. Additionally, the claims administrator approved a second surgery on July 29, 2011, for exploration and neurolysis.

A recorded statement was obtained from Mr. Flint on March 28, 2019, concerning the injury. He indicated that it was just an exacerbation of a previous injury. He was performing normal duties of using hand tools, tongs, snips, a chipping hammer, and a Sawzall, while hanging duct work for a new HVAC unit. He went to see Dr. Zahir the following day. Mr. Flint stated that Dr. Zahir has been his treating physician over the years for his left wrist. His first surgery was in 2005, and he underwent a second surgery in 2011.

A Second Opinion report was prepared by A.E. Landis, M.D., on April 3, 2019, in response to a request from Mr. Flint for a second opinion regarding his left wrist injury and possible surgery. Dr. Landis reviewed prior records from Appalachian Regional Healthcare Hospital regarding the surgery performed by Dr. Zahir in August 2011. Dr. Landis noted that the February 28, 2019, x-ray showed some significant degenerative changes in the area of the carpal bones. After examination, it was Dr. Landis's impression that Mr. Flint has significant symptoms in his left wrist at the site of his previous injury dating back to 2005 for which he has undergone two prior surgical procedures. Dr. Landis recommended an MRI scan of the left wrist to identify the type of soft tissue mass present in the volar aspect of his wrist. It was suggested that Mr. Flint should be sent to a well-qualified hand surgeon for surgical intervention following the MRI scan.

By Order dated April 15, 2019, the claims administrator denied Mr. Flint's application for benefits because it was determined that the injury is pre-existing and not related to his occupational duties. Mr. Flint protested the claims administrator's Order. In his protest letter, Mr. Flint states that he is protesting the Order and that "[t]his is a well-documented work-related injury and I feel I am entitled to medical treatment." He indicated that he suffered a significant injury to his left wrist at work in 2005, which required surgery. In 2011, he experienced issues due to the same injury and he underwent a second surgery. Although BrickStreet was the provider at the time of both prior incidents, coverage was never questioned. In a letter dated September 13, 2019, Mr. Flint asked the Office of Judges to reopen his 2005 workers' compensation claim and that his current claims administrator should be required to cover the claim.

Dr. Landis testified by deposition on September 24, 2019, regarding his evaluation of Mr. Flint on April 3, 2019. He reported to Dr. Landis that he injured his left wrist in 2005 when he was cutting a hole with a hole saw on a ladder and the drill slipped and struck him in the volar aspect of the left wrist causing a deep laceration. Dr. Zahir performed surgery in 2005, and a second surgery in 2011 because he developed increased pain, scar tissue and paresthesia following the 2005 surgery. Dr. Landis testified that he reviewed the prior medical records and the March 28, 2019, recorded statement of Mr. Flint; however, he thought it was confusing. Dr. Landis agreed that Mr. Flint stated that his current condition was an exacerbation from his previous injury. Dr. Landis had an x-ray of the left wrist performed on April 3, 2019, which showed evidence of significant degenerative changes in the articulation between the distal pole of the navicular in the greater multangular as well as changes in the articulation between the greater multangular and lesser multangular.

Dr. Landis further testified that the physical examination showed irregular scarring over the volar aspect of the wrist near the base of the thumb/radial styloid without hypertrophy or contracture. He explained that there was soft tissue swelling, but it would not be known whether it was cystic or vascular until exploration surgery was conducted. Dr. Landis testified that his impression was that Mr. Flint had significant symptoms in his left wrist at the site of his previous injury dating back to 2005 for which he has undergone two prior surgical procedures. He opined that the current symptoms and condition were related to the 2005 injury and surgeries from 2005 and 2011. He also opined that the surgical treatment that he recommended with an MRI scan was a result of the 2005 injury and resulting 2005 and 2011 surgical procedures.

In a Final Decision dated July 14, 2020, the Office of Judges affirmed the claims administrator's Order of April 15, 2019, which denied Mr. Flint's application for workers' compensation benefits. The Office of Judges concluded that he failed to show that he sustained an injury in the course of and as a result of employment on February 25, 2019. The Office of Judges relied on the findings of Dr. Landis, who testified that Mr. Flint's symptoms are related to his 2005 injury and progression from that injury and subsequent surgical procedures. Dr Landis opined that it could be stated that Mr. Flint never reached maximum medical improvement at any time from his previous injury. Because the preponderance of the evidence shows that Mr. Flint's symptoms and condition of his left wrist are related to his pre-existing condition regarding the left wrist rather than to his occupational duties that he was performing on February 25, 2019, the Office of Judges affirmed the claims administrator's rejection of the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the July 14, 2020, Final Decision on November 19, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. It is clear from the medical records that Mr. Flint had a prior injury to his left wrist which resulted in two surgical procedures, one in 2005 and the other in 2011. The evidence of record indicates that Mr. Flint's symptoms and complaints have been the same since 2005. Dr. Zahir's February 28, 2019, report explains that he was seen for "pain at the thumb – anterior knot – old injuries & two prior surgeries." In his Second Opinion report, Dr. Landis opined that Mr. Flint's current symptoms are related to the 2005 injury and subsequent surgeries from 2005 and 2011. Further, x-rays taken on April 3, 2019, showed severe degenerative arthritis of the navicular greater multangular joint and mild degenerative arthritis of the first carpometacarpal joint with slight subluxation. The evidence supports the claims administrator's rejection of the claim because Mr. Flint has failed to show that he sustained an injury in the course of and resulting from his employment on February 25, 2019.

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment